FILED

2025 FEB 27 PM 1:22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: mmc

JOSEPH T. MCNALLY
Acting United States Attorney
DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division
JENNA W. LONG (Cal. Bar No. 332192)
Assistant United States Attorney
Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8692
    Facsimile: (213) 894-2927
    E-mail:    Jenna.Long@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-MJ-850-DUTY |
|---|---|
| Plaintiff, | GOVERNMENT'S APPLICATION FOR REVIEW OF ORDER SETTING CONDITIONS OF RELEASE (18 U.S.C. § 3145) |
| v. | |
| JUAN MIRANDA ORTIZ, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Jenna W. Long, hereby submits the government's application (1) to review Magistrate Judge Charles F. Eick's order setting terms and conditions of release and (2) to request permanent detention of defendant Juan Miranda Ortiz pending trial.

//
//
//

The government's application is based on the below memorandum of points and authorities, the files and records in this case, and such further argument and evidence as may be presented to the Court.

Dated: February 27, 2025

Respectfully submitted,

JOSEPH T. MCNALLY
Acting United States Attorney

DAVID T. RYAN
Assistant United States Attorney
Chief, National Security Division

     /s/
JENNA W. LONG
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Juan Miranda Ortiz should be detained pending trial in this illegal reentry case. Although he has no permission to be in the United States, he has repeatedly violated this country's laws. Defendant has sustained three serious convictions in three separate cases, including a felony conviction for possession for sale of a controlled substance. He has also been formally removed from this country two times -- and told not to return -- yet he has illegally reentered each time. And defendant has proposed a surety, his wife, who has an active protective order against him. Given this record, this Court should detain defendant pending trial based on both flight risk and danger.

## II. BACKGROUND

Defendant is a citizen of Mexico. (Dkt. 1, Complaint at 3.) As detailed in the Pretrial Services Report, he has a serious criminal history. His record includes the following convictions:

- A 2011 arrest and subsequent conviction for domestic violence battery, which resulted in a sentence of 124 days' imprisonment;

- A 2011 arrest and subsequent conviction for possession of a controlled substance for sale, which resulted in a sentence of 124 days' imprisonment followed by three years' probation; and

- A 2021 arrest and subsequent convictions for: (1) domestic violence battery and (2) dissuading a witness from reporting a crime, which each resulted in a sentence of three years' probation.

(Id. at 4-6.)

Defendant has also been formally removed from this country on two occasions. (Dkt. 1, Complaint at 3.) Both times, he illegally reentered the country. After his latest reentry, the government charged defendant via complaint with one count of being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a) on February 19, 2025. Based on defendant's criminal history, it is evident that he is subject to an increased statutory maximum under 8 U.S.C. § 1326(b).

On February 24, 2025, defendant made his initial appearance before the Honorable Judge Charles F. Eick, United States Magistrate Judge. The government moved for detention pending trial under 18 U.S.C. § 3142(e) based on both flight and danger. In the alternative, it asked Judge Eick to temporarily detain defendant for 10 days under 18 U.S.C. § 3142(d) based on his immigration status. Judge Eick rejected both requests and granted bond. Judge Eick also declined to issue a stay, so defendant is currently not in custody.

**III. ARGUMENT**

   **A.   Standard of Review**

This Court's review of the release order is de novo. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990). While the "district court is not required to start over . . . and proceed as if the magistrate's decision and findings did not exist," the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." Id. at 1193. In support of that task, a district court may hold additional evidentiary hearings, if the court concludes such hearings would be helpful. Id.

2

### B. Defendant Should Be Detained Pending Trial

The Bail Reform Act requires pretrial detention of a defendant where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a flight risk or a danger to the community; it is not necessary to prove both. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985). The government must establish flight risk "by a preponderance of the evidence," United States v. Santos-Flores, 794 F.3d 1088, 1090 (9th Cir. 2015), or dangerousness "by clear and convincing evidence," United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008). Four factors govern the analysis of whether release conditions will reasonably assure a defendant's appearance and the community's safety: (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the nature and seriousness of the danger that would be posed by the defendant's release. 18 U.S.C. § 3142(g); United States v. Winsor, 785 F.2d 755, 757 (9th Cir. 1986). "Alienage may be taken into account, but it is not dispositive." Santos-Flores, 794 F.3d at 1090.

For two independent reasons, the government has met its burden to detain defendant in this case:

First, defendant poses a flight risk. To start, defendant is facing a serious charge and the evidence against him is overwhelming. There is no reasonable dispute that defendant is a foreign citizen who has repeatedly been removed from the United States, yet he is presently in this District. And defendant will be subject to a statutory maximum of at least 10, if not 20 years, due to his

criminal history. The likelihood that he will receive a custodial sentence in this case provides a strong incentive to flee. See Santos-Flores, 794 F.3d at 1092 (recognizing that the defendant posed a flight risk because of, among other reasons, "the severity of the potential punishment and the weight of the evidence against him").

Defendant also has a history of ignoring the law. He has twice been removed from the United States and ordered not to return, but he has illegally reentered the country each time. See Santos-Flores, 794 F.3d at 1092 (recognizing that the defendant's "multiple unlawful entries" weighed in favor of detention). Defendant's history of serious criminal offenses also evinces a lack of respect of the law. And his conviction for dissuading a witness from reporting a crime -- in connection with a domestic violence battery -- is particularly concerning. Given this pattern, defendant is likely to violate this Court's orders.

Second, defendant poses a danger to the community. As noted above, he has two different convictions for domestic violence battery and a third for dissuading his victim from reporting one of these offenses. He is also subject to an active protective order, which protects his wife. (PTSR at 5.) Courts have recognized that "[a] willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness toward others." United States v. Mercedes, 254 F.3d 433, 437 (2d Cir. 2001) (per curiam) (quoting United States v. Quartermaine, 913 F.2d 910, 917 (11th Cir. 1990)); accord United States v. Stone, 608 F.3d 939, 953 (6th Cir. 2010). That danger is only heightened here by defendant's history of drug trafficking and personal drug use. (PTSR at 3-4.) As a result,

4

there is a risk that defendant will harm someone -- be it a community member or his domestic violence victim -- if released.

Finally, there is "no condition or combination of conditions" that can adequately address the risk of flight or danger in this case. 18 U.S.C. § 3142(e)(1). Defendant has identified one surety, his wife, who is apparently willing to sign an unsecured bond for an unspecified amount. That offer, however, ignores that there is "an active Protective Order . . . that protects" his wife from defendant. (PTSR at 5 (emphasis added).) Defendant's wife is obviously not an appropriate surety if defendant is barred from being near her and she has been the victim of (his) domestic violence. Indeed, it would likely break the terms of the protective order for defendant's wife to keep tabs on him. And regardless, the small and unsecured bond set by the Court is not sufficient given defendant's long, repeated, and dangerous criminal history. See United States v. Diaz-Hernandez, 943 F.3d 1196, 1199-1200 (9th Cir. 2019) (affirming decision to deny bond where the defendant facing illegal entry charge could not post a substantial bond). Accordingly, defendant should be detained pending trial.

## IV.  CONCLUSION

For the foregoing reasons, the Court should order that defendant be permanently detained pending trial on the basis of both flight and danger.